2citpps-sac1

**2017CI07501**

CAUSE NO. ________________

| | | |
|---|---|---|
| JOSHUA MASSIATE-REYES | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | 37th |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| ANTHONY WEYNE and W.E.B. INDUSTRIES, LLC | § | |
| | § | |
| | § | BEXAR COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JOSHUA MASSIATE-REYES, Plaintiff, and files this Plaintiff's Original Petition complaining of ANTHONY WEYNE and W.E.B. INDUSTRIES, LLC Defendants, and for cause of action would respectfully show the Court the following:

## I. THE PARTIES

Plaintiff, JOSHUA MASSIATE-REYES, is a resident of Bexar County.

Defendant, ANTHONY WEYNE, whose address is 2298 NW 81st Avenue, Sunrise, Florida 33322, is a non-resident of the State of Texas that engaged in business in Texas out of which this lawsuit arises. ANTHONY WEYNE does not maintain a principal place of business in Texas and does not have a designated agent for service of process in Texas. Service is requested upon the Texas Secretary of State pursuant to the Texas Long-Arm Statute, Texas Civil Practice & Remedies Code §17.044

Defendant, W.E.B. INDUSTRIES, LLC, whose address is 2613 NW 47 Lane, Lauderdale, Florida 33313, is a non-resident of the State of Texas that engaged in business in Texas out of which this lawsuit arises. W.E.B. INDUSTRIES, LLC does not maintain a principal place of business in Texas and does not have a designated agent for service of process in Texas.



EXHIBIT A

Service is requested upon the Texas Secretary of State pursuant to the Texas Long-Arm Statute, Texas Civil Practice & Remedies Code §17.044

## II. JURISDICTION & VENUE

Venue is appropriate in Bexar County, Texas, under §§ 15.002(a)(1) of the Texas Civil Practice & Remedies Code. Bexar County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. Venue is proper in Bexar County as to all Defendants.

## III. DISCOVERY LEVEL

Plaintiff intends to conduct discovery under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. The parties will enter into a level 3 discovery control plan.

## IV. FACTS

Plaintiff brings this lawsuit to recover for damages arising out of a motor vehicle accident that occurred on or about December 31, 2016 at the intersection of Highway Loop 1604 and Priest Road in San Antonio, Bexar County, Texas. At that time, Plaintiff was traveling on Priest Road and turning West on Highway Loop 1604. After Plaintiff completed his turn onto Highway Loop 1604, Defendant, ANTHONY WEYNE recklessly failed to yield the right of way, failed to pay adequate attention, failed to control speed, and caused the collision made the basis of this suit. Defendant, ANTHONY WEYNE's reckless driving caused the injuries and damages set forth below. Following the accident, Plaintiff was taken away from the scene of the accident for emergency treatment. Defendant ANTHONY WEYNE falsely told responding officers that Plaintiff did not have his headlights on at the time of the accident. At all times relevant to the accident made the basis of this lawsuit, Defendant, ANTHONY WEYNE was acting in his course and scope of employment with Defendant, W.E.B. INDUSTRIES, LLC.

## V. NEGLIGENCE OF ANTHONY WEYNE

Said accident was proximately caused by various negligent acts and/or omissions on the part of Defendant ANTHONY WEYNE. The negligent acts and/or omissions include, but are not limited to, the following:

1. Failing to maintain a proper look out;
2. Failing to control speed;
3. Failing to timely apply the brakes of vehicle;
4. Failing to keep his vehicle under such control as an ordinary prudent person in the exercise of ordinary care would have operated and controlled her vehicle under the same or similar circumstances; and
5. Any and all other acts of negligence and/or omissions to be proven at the time of trial.

Each and every one of the foregoing acts and/or omissions, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VI. RESPONDEAT SUPERIOR

At the time of the occurrence of the act in question and immediately prior thereto, ANTHONY WEYNE was acting within the course and scope of his employment with Defendant W.E.B. INDUSTRIES, LLC. At the time of the occurrence of the act in question and immediately prior thereto, ANTHONY WEYNE was engaged in the furtherance of business for W.E.B. INDUSTRIES, LLC. At the time of the occurrence of the act in question and immediately prior thereto, ANTHONY WEYNE was engaged in accomplishing a task for which he was employed.

Plaintiff herby invokes the doctrine of Respondeat Superior against Defendant W.E.B. INDUSTRIES, LLC.

## VII. GROSS NEGLIGENCE

Plaintiff incorporates by reference paragraphs IV. & V. Defendant, ANTHONY WEYNE actions constitute a heedless, conscious disregard and indifference to the rights, welfare and safety of those persons to be effected thereby, and particularly the Plaintiff's. Plaintiff

alleges that each and all of the aforementioned paragraphs IV. & V. constitute gross negligence entitling Plaintiff to an award of punitive damages against Defendant, pursuant to Tex. Civ. Prac. & Remedies Code Chapter 41 in a sum to be determined fair and reasonable by a jury.

## VII. DAMAGES

Plaintiff asserts that as a direct and proximate result of the actions and/or inactions of the Defendants he suffered the below injuries and damages:

1. mental anguish and physical pain suffered from the date and time of injury and which she will in all reasonable probability continue to suffer from in the future;

2. physical impairment suffered from the date and time of injury and which she will in all reasonable probability continue to suffer from in the future;

3. reasonable and necessary medical expenses incurred from the date and time of injury; and

4. reasonable and necessary medical expenses which she will in all reasonable probability continue to incur in the future.

Plaintiff allege that these sums taken cumulatively are well in excess of the minimum jurisdictional limits of this Court and are more than $1,000,000.00.

## VIII. DEMAND FOR JURY

Plaintiffs respectfully demand trial by a fair and impartial jury as provided by the United States and Texas Constitutions.

## IX. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

Plaintiffs further allege that Plaintiffs are entitled to recover pre-judgment and post-judgment interest at the legal rate.

## X. DISCOVERY REQUESTS

Pursuant to Rules 196, 197, and 198 of the Texas Rules of Civil Procedure, you are hereby requested not later than fifty (50) days after date of service to:

(a) Answer under oath each of the following interrogatories;

(b) Produce all documents and tangible things, which constitute or contain matters relevant to the subject matter in the action which are in your possession, custody, or control including constructive possession;

(c) Answer fully and factually each of the interrogatories hereinafter set out; and

(d) Give a truthful response to each Request for Admission.

You are also instructed as follows:

1. If you do not admit the truth of the facts stated in a request for admission, you must specifically deny the same or set forth in detail the reasons why you cannot truthfully either admit or deny such statements of fact.

2. Any admission made pursuant to these requests applies to this action only and is not an admission by you for any other purpose and may not be used against you in any other proceeding.

Each matter for which an admission is requested shall be deemed admitted unless your sworn response is served on the undersigned attorneys during the period of time set forth herein.

3. If you deny a request and the Plaintiff thereafter proves the truth of such matter you may be ordered to pay the costs of proof, including Plaintiffs' attorney's fees.

4. The answers to the interrogatories must be supplemented when you obtain information upon the basis of which:

(a) You know an answer was incorrect when made; or

(b) You know that the answer, though correct when made, is no longer true and the circumstances are such that to fail to amend your answers would be in substance a knowing concealment.

**DEFINITIONS**

1. "Documents": As used herein, the term "documents" means any written, typed, printed, recorded, graphic or photographic matter or sound reproduction however produced or reproduced, and shall include every copy where such copy contains any commentary, marginal comments or notations whatsoever that do not appear in the original.

2. "Identify" or "Identification":

(a) When used in reference to a person, "identify" or "identification" means to state his/her full name and present or last known address, employer and business address, and current residential and business telephone numbers;

(b) When used in reference to a public or private cooperation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business or operating address and the name of its chief executive officer; and

(c) When used with respect to a document, "identify" or "identification" means to state the date, subject or substance, all receipts, type of document, its present location and to identify each of its present custodians. In lieu of identification of a document, Defendant may attach a copy of such document to his answers.

In answering the following Questions, furnish all information and items available to you, including information or items in the possession of your attorneys, or their investigators, and all persons acting in your behalf and not merely such information known of your own personal knowledge. If you cannot answer a Question in full after exercising due diligence to secure the information, so state in your answer and to the extent possible answer stating whatever information or knowledge you have.

The Questions which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to the Questions below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

As used herein, the following terms shall have the meaning indicated below:

(a) "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

(b) "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra- office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original. If any document requested to be identified was but is no longer in your possession or control or is no longer in existence, state whether it is:

(1) Missing or lost;
(2) Destroyed;
(3) Transferred voluntarily or involuntarily to others, and, if so, to whom, or;
(4) Otherwise disposed of; and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

(c) "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

In each Question wherein you are asked to identify a person, state with respect to such person as follows:

(1) His/her full name.
(2) His/her last known address and phone number.

If a person to be identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

(d) "Interrogatory" means Interrogatory and "Adm." means Admission.
Where possible, give your answer or response where designated below each Interrogatory or Admission. Otherwise, attach your replies on a separate sheet of paper, accurately designating each reply to the appropriate question.

## INTERROGATORIES

Interrogatory No. 1:
Identify the person or persons who are answering these Interrogatories and Requests for Admissions in the above styled and numbered cause by stating:

(a) Your full name (any other names, including maiden name, if applicable);
(b) All driver's licenses, types, numbers and by whom issued, held by you at any time;
(c) Your date and place of birth;
(d) Your address or addresses for the past five years, giving the street address, street number, city and state;
(e) The name and last known street, city and state address of each person, if any, to whom you have ever been married either ceremonially or by common law marriage; and
(f) Your occupation.

**ANSWER:**

Interrogatory No. 2:
Please state completely and fully how the incident made the basis of this lawsuit occurred.

**ANSWER:**

Interrogatory No. 3:
Has Anthony Weyne ever had a driver license restricted, suspended, canceled, or revoked? If the answer is yes, please identify the date and reason for any restrictions, suspensions, revocations, or cancellations.

**ANSWER:**

Interrogatory No. 4:

Please state whether Anthony Weyne has ever been convicted, charged, or pled guilty to any crime, whether a felony or misdemeanor, describing the nature and extent of each charge or conviction, the time such charges were made, and, if applicable, the state, district, court, cause number, and date when a judgment of conviction was entered against you.

**ANSWER:**

Interrogatory No. 5:

Please identify, by full name and address, each person, including experts, having knowledge of relevant facts relating to the happenings or incidents referred to in Plaintiff's Petition or the alleged injuries. Persons to be named in response to this question should include, but not be limited to, eyewitnesses, medical witnesses, experts or other persons having any opinions or knowledge relating to the happenings or incidents made the basis of this lawsuit, the cause thereof, or the damages resulting there from.

**ANSWER:**

Interrogatory No. 6:

State in detail all contentions that you may have that you are not liable to the Plaintiffs as alleged in Plaintiffs' Petition.

**ANSWER:**

Interrogatory No. 7:

Please identify any and all car accidents in which Anthony Weyne was involved in the last five years by giving the date, location, and description of each accident.

**ANSWER:**

Interrogatory No. 8:

State in detail all admissions and statements, including those against pecuniary, proprietary, or penal interest, made by the Plaintiff which are not fully set forth in any written statement you have produced in response to a request for Production herein.

**ANSWER:**

Interrogatory No. 9:

Identify any statement, recording or admission, concerning the matters at issue in this lawsuit, made by any relevant party and to whom the statement was made, and by whom it was taken.

**ANSWER:**

Interrogatory No. 10:

To what degree, if any, was Anthony Weyne's visibility impaired on the date of the accident made the subject matter of this lawsuit, either by the road, such as a curve, hump, depression, incline, buildings, signs, etc., or by weather, vegetation, or by any contents in your vehicle? Please identify in detail any obstructions.

**ANSWER:**

Interrogatory No. 11:

Please describe in detail and in chronological sequence, the movement and speed of Anthony Weyne's vehicle, Anthony Weyne's actions involved in the operation of the vehicle, and any other fact which took place immediately preceding the incident made the basis of this lawsuit and immediately after the same.

**ANSWER:**

Interrogatory No. 12:

Please state where Anthony Weyne was coming from and where Anthony Weyne was going at the time of the incident made the basis of this lawsuit, including in your answer any stops made after Anthony Weyne began the trip.

**ANSWER:**

Interrogatory No. 13:

Please state whether or not the Plaintiff violated any statute, ordinance, code, rule or standard in connection with the incident made the basis of this lawsuit, and if your answer is in the affirmative, please identify each such statute, ordinance, code, rule or standard that was violated and the act committed by the Plaintiff that constituted a violation.

**ANSWER:**

Interrogatory No. 14:

Please identify any intoxicants, drugs, and/or medications, prescription or otherwise, which were ingested by Anthony Weyne in the forty-eight (48) hours preceding the collision made the basis of this lawsuit.

**ANSWER:**

Interrogatory No. 15:

List all mechanical or other defects, if any, in the vehicle Anthony Weyne was driving at the time of the accident made the basis of this suit. Include any advice you may have received from any other person giving notice to you that your vehicle may have needed or required mechanical repairs or maintenance.

**ANSWER:**

Interrogatory No. 16:

In the event Anthony Weyne was covered by a policy of insurance on the date and time in question, please identify the policy number and any limits, which may be applicable.

**ANSWER:**

Interrogatory No. 17:

If an investigation was conducted concerning the accident in question, please identify the person who conducted each investigation, and if he/she does not now have custody of records or reports concerning the investigation, the name and address of the person now having custody of the records or report made concerning each investigation.

**ANSWER:**

Interrogatory No. 18:

Has Anthony Weyne ever worn or needed corrective lenses, if so, state when Anthony Weyne first began to wear or need corrective lenses, whether Anthony Weyne had corrective lenses on at the time of this incident, whether they were regular corrective lenses or sunglasses, a description of the condition which requires the use of corrective lenses, and whether Anthony Weyne wears corrective lenses constantly or for particular purposes.

**ANSWER:**

Interrogatory No. 19:

Have you ever been involved in a lawsuit other than this one? If so, list the names of such actions, the court in which suit was filed, the attorney involved, the disposition of each lawsuit and whether you were a Plaintiff or a Defendant in the same.

**ANSWER:**

Interrogatory No. 20:

Please state in detail everything you did in an attempt to avoid the collision made the basis of this lawsuit.

**ANSWER:**

Interrogatory No. 21:

Describe in detail any and all warnings of any kind that Anthony Weyne gave to the Plaintiff just prior to the collision made the basis of this lawsuit.

**ANSWER:**

Interrogatory No. 22:

Please state in detail everything Anthony Weyne saw the Plaintiff do up to the moment of the collision in question, describing the Plaintiff's entire conduct and action.

**ANSWER:**

Interrogatory No. 23:

Please state the distance in feet from the motor vehicle owned or operated by you to the motor vehicle owned, operated or occupied by the Plaintiff, when Anthony Weyne first observed the motor vehicle owned, operated, or occupied by the Plaintiff.

**ANSWER:**

Interrogatory No. 24.

Identify any and all traffic violations Anthony Weyne had in the last three years.

**ANSWER:**

## REQUESTS FOR PRODUCTION

Request for Production No. 1:

For each expert identified in response to Interrogatory No. 5, produce a current curriculum vitae, a copy of any written report rendered by the expert, any copies of any communications between you and/or your counsel and the expert. If the mental impressions and opinions of each such expert have not been reduced to writing, Plaintiffs' requests the same be reduced to tangible form and produced.

Request for Production No. 2:

Produce any document, recording, memorandum, or other such material that reflects the contents of any statement or admission identified in response to Interrogatory No. 9.

Request for Production No. 3:

Produce any photographs, motion pictures, videotapes, slides, films, maps, drawings, charts, or recordings connected with or related to the matters made the basis of this lawsuit.

Request for Production No. 4:

Produce any diaries, notes, other documents prepared by the Defendant, its officers, executives, employees and/or servants other than the attorneys for the Defendant, that relate to the facts or allegations of this suit.

Request for Production No. 5:

Attach to your answers hereto all investigative and/or incident "reports" generated by or on behalf of the Defendant prior to its being aware of an outward manifestation from the Plaintiffs of an intent to bring the incident lawsuit relevant to the following:

a. the subject matter of the incident lawsuit;
b. the incident in question;
c. Defendant's personnel, "agents, representatives, officers and employees" that were on the premises in question at the time of the incident made the basis of this lawsuit;
d. the policies, procedures, guidelines, and/or regulations that were applicable to the activities taking place on the premises in question which are material to the incident made the basis of this lawsuit;
e. potential witnesses regarding the incident and/or circumstances which existed on the premises immediately prior to, during, and/or after the incident in question.

Request for Production No. 6:

In addition to the above "reports", the following things generated "during the same prescribed time" in conjunction with the above referenced investigations and/or investigative reports are requested:

a. all notes, memorandums, written communications, electronically stored data, and communications, photographs, movies, video tapes, modules, re-enactments, audio tapes, written statements, and tests.

Request for Production No. 7:

Please provide a copy of or supply a time and place for this party to view and/or copy or both any surveillance, movies, photos, investigative reports, map, or drawing relating to Plaintiffs or any other party in this lawsuit.

Request for Production No. 8:

Please provide a copy of Defendant's driver's license.

Request for Production No. 9:

Produce copies of any and all witness statements taken, whether signed or unsigned, written, oral, or transcribed, involving the accident made the basis of this lawsuit, which are in the possession, custody, or control of the said Defendant, including any statements made by the Plaintiffs.

Request for Production No. 10:

Please provide a complete copy of your insurance policy; this request seeks production of all policy jackets, coverage parts, endorsements, and all other documents related to the policy.

Request for Production No. 11:

With regards to Interrogatory No. 17, produce copies of any and all records or reports which relate to the investigation of the collision made the basis of this lawsuit.

Request for Production No. 12:

Please provide true and correct copies of any and all documents reviewed or relied upon in preparation of Answers to Interrogatories.

Request for Production No. 13:

Please produce true and correct copies of any and all documents retrieved by Defendant as a result of the use of the authorizations provided by Plaintiffs.

Request for Production No. 14:

Please produce true and correct copies of any and all documents in the possession of Defendant or Defendant's attorneys the sole basis of which is to impeach Plaintiffs.

**REQUESTS FOR ADMISSIONS**

REQUEST FOR ADMISSION NO. 1:

Do you admit or deny that the incident made the basis of this lawsuit occurred on the 31st day of December, 2016?

**Response:**

REQUEST FOR ADMISSION NO. 2:

Do you admit or deny that the incident made the basis of this lawsuit occurred at the location alleged in the petition?

**Response:**

REQUEST FOR ADMISSION NO. 3:

Do you admit or deny that a white 2006 Freightliner, was being operated by Anthony Weyne on or about the 31st day of December 2016?

**Response:**

REQUEST FOR ADMISSION NO. 4:

Do you admit or deny that Anthony Weyne did not operate the vehicle under proper control at the time of the incident made the basis of this lawsuit?

**Response:**

REQUEST FOR ADMISSION NO. 5:

Do you admit or deny that the manner of operation of the vehicle Anthony Weyne was driving at the time of the collision made the basis of this lawsuit increased the hazard to the Plaintiff and others upon the roadway?

**Response:**

REQUEST FOR ADMISSION NO. 6:

Do you admit or deny that there was no contributory negligence on the part of the Plaintiff in this collision?

**Response:**

REQUEST FOR ADMISSION NO. 7:

Do you admit or deny that all persons/entities who are in any way involved or associated with the incident which is the basis of this lawsuit have been properly named as parties to this cause of action?

**Response:**

REQUEST FOR ADMISSION NO. 8:

Do you admit or deny the Plaintiff's allegations that your negligence was the proximate cause of the occurrence in question?

**Response:**

REQUEST FOR ADMISSION NO. 9:

Do you admit or deny that Anthony Weyne was incompetent and unfit to safely operate a motor vehicle on the public streets, highways and/or public facilities at the time of the accident made the basis of this lawsuit?

**Response:**

REQUEST FOR ADMISSION NO. 10:

Do you admit or deny that you knew, or in the exercise of ordinary care, should have known, that Anthony Weyne was an incompetent and unfit driver and would create an unreasonable risk of danger to persons and property on the public streets and highways of San Antonio, Bexar County, Texas at the time of the accident made the subject of this lawsuit?

**Response:**

REQUEST FOR ADMISSION NO. 11:

Do you admit or deny that Anthony Weyne saw the vehicle that Plaintiff was traveling in prior to striking it?

**Response:**

REQUEST FOR ADMISSION NO. 12:

Do you admit or deny that Anthony Weyne was operating your vehicle at a greater rate of speed than was reasonable at the time of the incident made the basis of this lawsuit?

**Response:**

REQUEST FOR ADMISSION NO. 13:

Do you admit or deny Anthony Weyne was negligent on the date of the incident made the basis of this lawsuit?

**Response:**

REQUEST FOR ADMISSION NO. 14:

Do you admit or deny that Anthony Weyne's negligence on the date of the incident was a proximate cause of the Plaintiff's injuries and damages which is the subject of this lawsuit?

**Response:**

REQUEST FOR ADMISSION NO 15:

Do you admit or deny that the jurisdiction and venue as alleged in Plaintiff's Original Petition is the proper venue for this cause of action?

**Response:**

REQUEST FOR ADMISSION NO. 16:

Do you admit or deny that the location of the accident made the basis of this lawsuit was in a limited speed zone at the time of the accident made the subject of this lawsuit?

**Response:**

REQUEST FOR ADMISSION NO. 17:

Do you admit or deny that the Defendants have been properly named in this lawsuit?

**Response:**

REQUEST FOR ADMISSION NO. 18:

Do you admit or deny that the Defendants have been properly served with citation in this lawsuit?

**Response:**

REQUEST FOR ADMISSION NO. 19:

Do you admit or deny that at the time of the collision made the basis of this lawsuit Anthony Weyne was driving at high rate of speed and failed to keep a reasonable distance from Plaintiff?

**Response:**

REQUEST FOR ADMISSION NO. 20:

Do you admit or deny that at the time of the collision made the basis of this lawsuit Anthony Weyne was negligent in failing to make a proper application of the vehicles' brakes?

**Response:**

REQUEST FOR ADMISSION NO. 21:

Do you admit or deny that at the time of the collision made the basis of this lawsuit Anthony Weyne was negligent in failing to turn his vehicle to the left or right to avoid the collision?

**Response:**

REQUEST FOR ADMISSION NO. 22:

Do you admit or deny that at the time of the collision made the basis of this lawsuit the Plaintiff suffered bodily injury?

**Response:**

REQUEST FOR ADMISSION NO. 23:

Do you admit or deny that the collision made the basis of this lawsuit caused the Plaintiff to incur $1,500,000.00 in damages?

**Response:**

**REQUEST FOR DISCLOSURE**

Pursuant to Rule 194, EACH Defendant is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2 (a) – (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be duly cited to appear and answer herein, that upon a final trial of this cause, Plaintiff recovers judgment against Defendants for Plaintiff's damages as set forth herein; that Plaintiff recovers pre-judgment and post-judgment interest at the legal rate, costs of court and for such other and further relief to which Plaintiff may be entitled under equity and in law.

RESPECTFULLY SUBMITTED,

**GENE TOSCANO, INC.,**
846 Culebra Road, Suite 104
San Antonio, Texas 78201
(210) 732-6091 Telephone
(210) 735-4167 Fax

BY: *__/s/ Candelario S. Trevino, Jr.______*

CANDELARIO S. TREVINO JR.
SBN: 24042057
ANDREW E. TOSCANO
SBN: 00786832

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (*FOR CLERK USE ONLY*): ______________________ COURT (*FOR CLERK USE ONLY*): ______________________

STYLED Joshua Massiate-Reyes v. Anthony Weyne and W.E.B. Industrial, LLC

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

**1. Contact information for person completing case information sheet:**

Name: Andrew E Toscano
Email: genetoscano@genetoscano.com
Address: 846 Culebra Rd Suite 104
Telephone: (210) 732-6091
City/State/Zip: San Antonio, Texas 78201
Fax: (210) 735-4167
Signature: ______________
State Bar No: 00786832

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):
Joshua Massiate-Reyes

Defendant(s)/Respondent(s):
Anthony Weyne
W.E.B. Industrial, LLC

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**

- [x] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: ______________

Additional Parties in Child Support Case:

Custodial Parent: ______________

Non-Custodial Parent: ______________

Presumed Father: ______________

**2. Indicate case type, or identify the most important issue in the case (*select only 1*):**

***Civil***

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract: ______________

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract: ______________

**Injury or Damage**

- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability: ______________
- [x] Motor Vehicle Accident
- [ ] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product: ______________
- [ ] Other Injury or Damage: ______________

**Real Property**

- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property: ______________

**Related to Criminal Matters**

- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other: ______________

**Employment**

- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment: ______________

**Other Civil**

- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other: ______________

***Family Law***

**Marriage Relationship**

- [ ] Annulment
- [ ] Declare Marriage Void

*Divorce*
- [ ] With Children
- [ ] No Children

**Post-judgment Actions (non-Title IV-D)**

- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**

- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Other Family Law**

- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other: ______________

**Parent-Child Relationship**

- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child: ______________

**Tax**

- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

***Probate & Mental Health***

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: ______________

**3. Indicate procedure or remedy, if applicable (*may select more than 1*):**

- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

**4. Indicate damages sought (*do not select if it is a family law case*):**

- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100, 000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [x] Over $1,000,000